IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON JULIO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| TERMINAL INVESTMENT | § | JURY TRIAL DEMANDED |
| CORPORATION D/B/A | § | |
| TICO/TERMINAL SERVICES, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Aaron Julio Garcia ("Plaintiff") files his Original Complaint against Terminal Investment Corporation d/b/a TICO/Terminal Services, and would respectfully show as follows:

### I. PARTIES

1. Plaintiff Aaron Julio Garcia ("Plaintiff") is a resident and citizen of Texas.

2. Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services ("TICO" or "Defendant") is a Georgia corporation conducting business in the state of Texas. At the present time and all times relevant to the events made the subject of this suit, Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services has been actively engaged in the advertising, solicitation, and conduct of business operations in Texas and the Southern District of Texas, and has derived substantial revenue and other benefits from its business operations in the State of Texas and the Southern District of Texas, and therefore, is subject to this Court's jurisdiction. Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services may be served with service of process through its registered agent, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3136.

## II.   JURISDICTION AND VENUE

3. This case falls within the diversity jurisdiction of this Court as the amount in controversy exceeds $75,000.00 and Plaintiff and Defendant are diverse in citizenship pursuant to 28 U.S.C. § 1332(a)(2).

4. A substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District and therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III.   FACTUAL BACKGROUND OF THE INCIDENT

5. On or about August 5, 2019, Plaintiff was a longshoreman working in the course and scope of his employment with Texas Terminal Link-Marine Terminal Corp. ("Terminal Link") as a truck driver at the Port Houston Bayport Container Terminal, Container Pad 5E. While Plaintiff was driving to Container Pad 5E to pick up a container, his co-worker, Donyea Barfield ("Mr. Barfield"), was driving behind him, in yard truck #90102 with attached empty container chassis #360 ("the Subject Vehicle and Chassis"), to pick up a container that was being discharged from a vessel.

6. As Mr. Barfield approached Plaintiff's vehicle, he attempted to use the brakes and the emergency brake on the Subject Vehicle to avoid colliding with the rear-end of Plaintiff's vehicle, but none of the brakes on the Subject Vehicle were working; thus, the Subject Vehicle collided with the rear-end of the chassis that was attached to the back of Plaintiff's vehicle ("the Collision"). As a result of the Collision, Plaintiff sustained substantial personal injuries.

7. Upon information and belief, Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services was the owner of yard truck #90102 and the attached empty

container chassis #360 that Mr. Barfield was driving at the time of the Collision, and TICO was responsible for the maintenance, repair, and condition of the Subject Vehicle and Chassis. TICO rents its trucks and chassis daily and provides them to stevedoring companies, like Texas Terminal Link-Marine Terminal Corp., for use by their truck drivers at the Port of Houston, but TICO retains the obligation to maintain and repair those trucks and chassis. On the day of the Collision, TICO rented the Subject Vehicle and Chassis to Texas Terminal Link-Marine Terminal Corp. (the employer of Mr. Barfield, who was driving the Subject Vehicle).

8. Upon further information and belief, prior to the Collision, Terminal Link had instructed Mr. Barfield to obtain a yard truck and container chassis from Defendant TICO on TICO's on-site yard to assist with the employer's operation. Moreover, through its duly authorized agents and/or employees, Defendant TICO made available truck #90102 and the attached empty container chassis #360 to Mr. Barfield in connection with Terminal Link's operation.

9. Upon further information and belief, on the night before the Collision occurred, the Subject Vehicle was being driven by another truck driver who was employed with another stevedoring company, Houston Terminal Link. While driving the Subject Vehicle, this truck driver found that the brakes were faulty and were not working properly, and Houston Terminal Link's on-site mechanic looked at the Subject Vehicle's brakes and found that they were not in proper working condition.

10. Upon further information and belief, the Subject Vehicle was then "tagged out" and sent back to TICO to be inspected and/or repaired by one of its mechanics. The Subject Vehicle was rented out again the next day (the day of the Collision), when it was used by Mr. Barfield and malfunctioned, causing the Collision to occur. Mr. Barfield and Terminal Link had

every reason to believe that the Subject Vehicle was in good working order as TICO released it for use.

11. Upon further information and belief, and unbeknownst to Plaintiff, Mr. Barfield, or Terminal Link at the time, TICO released and rented out the Subject Vehicle and Chassis on the day Collision without properly inspecting the Subject Vehicle and Chassis and/or without making the necessary repairs to the Subject Vehicle and Chassis.

### IV. NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT TERMINAL INVESTMENT CORPORATION D/B/A TICO/TERMINAL SERVICES

12. Plaintiff incorporates all factual allegations made above.

13. Upon information and belief, Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services was the owner and lessor of the Subject Vehicle and Chassis, responsible for all repairs and maintenance of the Subject Vehicle and Chassis.

14. Through its duly authorized agents and representatives, Defendant TICO was negligent and careless in selecting, assigning, providing, and/or directing Mr. Barfield to utilize the Subject Vehicle and Chassis, which TICO knew or should have known was malfunctioning, unsafe, defective, and/or not roadworthy at the time in question.

15. As the owner and lessor of the Subject Vehicle and Chassis, Defendant TICO undertook to inspect, repair, and maintain the Subject Vehicle and Chassis, and had the duty to ensure that the Subject Vehicle and Chassis was in proper working condition for the stevedoring companies it leased it to and the truck drivers that operated it.

16. As the owner and lessor of the Subject Vehicle and Chassis responsible for the repair and maintenance of the Subject Vehicle and Chassis, Defendant TICO failed to do that which a vehicle owner/lessor of ordinary prudence would have done under the same or similar

circumstances, or did that which a vehicle owner/lessor of ordinary prudence would not have done under the same or similar circumstances.  For example, Defendant TICO was negligent by:

    a.    failing to ensure that the Subject Vehicle had a proper safety inspection and necessary repairs after it had been tagged out for having brake issues;

    b.    failing to inspect the Subject Vehicle and Chassis and/or related components parts to ensure they were in proper working order;

    c.    failing to repair and/or replace the Subject Vehicle and Chassis and/or related component parts;

    d.    failing to ensure that the Subject Vehicle and Chassis and/or related component parts were in proper working order;

    e.    failing to provide a safe vehicle and chassis with brakes in proper working condition;

    f.    failing to exercise with ordinary care and prudence the right of control it retained over the maintenance, repair, safety, and condition of the Subject Vehicle and Chassis;

    g.    failing to exercise reasonable care to avoid a foreseeable risk to others;

    h.    failing to use ordinary care in protecting others from peril when the peril was under its control;

    i.    failing to provide adequate supervision and training to its employees, agents, servants, and/or representees, including but not limited to its mechanics, regarding maintaining and inspecting the Subject Vehicle and Chassis and/or related component parts;

    j.    failing to take proper and necessary measures to prevent the Subject Vehicle and Chassis from being leased out for use when its brakes were not in proper working condition;

    k.    failing to properly inspect, maintain, and repair the Subject Vehicle and Chassis, including but not limited to its brakes;

    l.    undertaking to inspect, maintain, and repair the Subject Vehicle and Chassis, including but not limited to its brakes, and failing to act prudently in said undertaking;

  m. failing to warn users, drivers, agents, servants, and/or representatives, including Mr. Barfield and Plaintiff, of the dangers associated with the Subject Vehicle and Chassis and/or related component parts; and

  n. other acts and omissions to be proven at trial.

17. The dangerous condition of the Subject Vehicle and Chassis at the time of the Collision posed an unreasonable risk and danger to Plaintiff, and all individuals driving in or near the Subject Vehicle and Chassis at the Port of Houston. Defendant TICO knew or should have known of the dangerous condition of the Subject Vehicle and Chassis' brakes and taken proper measures to eliminate the unreasonable risk of harm and danger to Plaintiff. Defendant TICO failed to properly inspect and repair the Subject Vehicle and Chassis' brakes, and thus failed to eliminate the dangerous condition of the Subject Vehicle and Chassis' brakes.

18. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence. Defendant TICO's acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant TICO had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Therefore, Defendant TICO was grossly negligent, for which it is liable for exemplary damages.

## V. RESPONDEAT SUPERIOR

19. At the time and on the occasion in question, Defendant Terminal Investment Corporation d/b/a TICO/Terminal Services was liable under the doctrine of *Respondeat Superior*, for the acts of negligence of its employees/agents that were working in the course and scope of their employment with Defendant TICO.

## VI.    CAUSATION AND DAMAGES

20. Plaintiff incorporates all factual allegations made above.

21. As a proximate result of Defendant's negligent acts and omissions, and the dangerous conditions and defects of the Subject Vehicle and Chassis' brakes, as described above, Plaintiff Aaron Julio Garcia suffered serious, permanent, and disabling personal injuries.

22. Plaintiff has suffered in the past and will continue to suffer in the future: pain and suffering; mental anguish; physical impairment; disfigurement; medical/healthcare expenses; loss of wage-earning capacity; and loss of enjoyment of life, for which he is entitled to recover.

23. Defendants are liable for exemplary damages and compensatory damages arising from their negligence and gross negligence, as described above.

24. For jurisdictional purposes, Plaintiff seeks monetary relief of over $1,000,000.

## VII.    ALTERNATIVE PLEADINGS

25. To the extent facts and/or causes of action pled in this Original Complaint are in conflict, they are pled in the alternative.

## VIII.    JURY DEMAND

26. Plaintiff demands a trial by jury on all claims.

## IX.    PRAYER

27. Plaintiff prays that judgment be entered against Defendant for:

    a.    compensatory damages;

    b.    all costs of court expended herein;

    c.    pre-judgment and post-judgment interest at the maximum rate allowed by law;

   d. exemplary damages; and

   e. all other relief to which Plaintiff is justly entitled.

Dated: July 13, 2021
    Houston, Texas

            Respectfully submitted,

            PADILLA & RODRIGUEZ, L.L.P.


            By: */s/Joaquin A. Rodriguez*
              Joaquin A. Rodriguez
              State Bar No. 24093058
              Southern District Federal ID No. 3095555
              joaquin@pandrlaw.com
              Jose M. Calderon
              State Bar No. 24099405
              Southern District Federal ID No. 3397159
              jcalderon@pandrlaw.com
              2800 Post Oak Blvd., Suite 4100
              Houston, Texas 77056
              (713) 574-4600
              (713) 574-4601 (fax)

            **ATTORNEYS FOR PLAINTIFF**